UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HAMID ADELI                                                                                       PLAINTIFF

v.                                              No. 5:17-cv-05224

SILVERSTAR AUTOMOTIVE, INC.
d/b/a Mercedes-Benz of Northwest Arkansas                                 DEFENDANT

**OPINION AND ORDER**

On June 11, 2020, the Eighth Circuit Court of Appeals affirmed this Court's opinion and order upholding to the jury's verdict in favor of Plaintiff Hamid Adeli ("Adeli") and reducing punitive damages from $5.8 million to $500,000. Following the Eighth's Circuit's mandate, Adeli filed a motion (Doc. 109) for attorney's fees and costs, brief (Doc. 110) in support, a bill of costs (Docs. 111), and a supplement (Doc. 112) to the bill of costs. Defendant Silverstar Automotive, Inc. ("Silverstar") filed a response (Doc. 115) and brief (Doc. 116) in opposition. Adeli's motion seeks $364,701.67 in attorney's fees and $8,262.68 in nontaxable expenses. For the reasons set forth below, the motion will be granted in part and denied in part.

Adeli filed this lawsuit after he purchased a Ferrari from Mercedes-Benz of Northwest Arkansas. Adeli brought claims for fraud, deceptive trade practices, and breach of express warranty, arguing primarily that Silverstar materially misrepresented that necessary maintenance had been completed on the Ferrari and that the car was safe to drive. At trial, the jury returned a verdict in favor of Adeli on all three claims. The jury awarded $6,835 in compensatory damages, $13,366 in incidental damages, and $5,800,000 in punitive damages. On a post-trial motion for judgment as a matter of law, the Court upheld the verdict but found the punitive damage award unconstitutionally excessive. As a result, the Court reduced the punitive damage award to $500,000. After the Eighth Circuit affirmed this Court's reduction in punitive damages, Adeli

1

filed the instant motion seeking $364,701.67 in attorney's fees and $8,262.68 in costs.

## I.     Attorney's Fees

Whether a party should be awarded his or her attorney's fees in diversity cases is determined by state law. *Lamb Eng'g & Const. Co. v. Neb. Pub. Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997). Arkansas law embraces the American rule, "which requires every litigant to bear his or her attorney's fees absent statutory authority or a contractual agreement between parties." *Stokes v. Stokes*, 491 S.W.3d 113, 120 (Ark. 2016); *see also Quillan v. Mercedes-Benz Credit Corp.*, 961 S.W.2d 729, 734 (Ark. 1998) ("The general rule in Arkansas is that attorney's fees incurred in pursuit of civil actions are not awarded unless expressly provided for by statute or rule."). Here, Adeli cites two sources of authority which he alleges provide for an award of attorney's fees in this case: Ark. Code Ann. § 16-22-308, and Ark. Code Ann. § 4-88-113(f)(B)(3). The Court will address each argument in turn.

### A.     Ark. Code Ann. § 16-22-308

Ark. Code Ann. § 16-22-308 allows a party who prevails on a claim for breach of contract to recover his or her attorney's fees. Ark. Code Ann. § 16-22-308. The Court is not required to award attorney's fees. *See FMC Corp., Inc. v. Helton*, 202 S.W.3d 490, 506 (Ark. 2005) ("[A] trial court is not required to award attorney's fees . . . ."). Rather, the trial court maintains discretion when deciding whether an award of attorney's fees under § 16-22-308 is appropriate. *See Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718 (Ark. 1990) (finding "may" in Ark. Code Ann. § 16-22-308 is permissive and subject to trial court's discretion). Neither party disputes that Adeli prevailed on his breach of contract claim. However, Silverstar argues that because Adeli's claim for common law fraud was "the economic engine of litigation," attorney's fees should not be awarded under § 308.

A court may not award attorney's fees pursuant to Ark. Code Ann. § 16-22-308 if the prevailing party's claim is based in tort. *Wheeler Motor Co., Inc. v. Roth*, 867 S.W.2d 446, 451 (Ark. 1993); *see also Mercedes-Benz Credit Corp. v. Morgan*, 850 S.W.2d 297, 301 (Ark. 1993). In cases where "both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract." *Meyer v. Riverdale Harbor Mun. Prop. Owners Improvement Dist. No. 1 of Little Rock, Ark.*, 947 S.W.2d 20, 22 (Ark. App. 1997) (citing *Wheeler Motor Co., Inc.,* 867 S.W.2d at 451; *Sec. Pac. Hous. Servs., Inc. v. Friddle*, 866 S.W.2d 375 (1993); *Stein v. Lukas,* 823 S.W.2d 832 (Ark. 1992); *Kinkead v. Union Nat'l Bank,* 907 S.W.2d 154 (Ark. App. 1995)). Where an action is based primarily on deceit, an award of attorney's fees is inappropriate even when the prevailing party advances a breach of warranty claim. *Stein*, 823 S.W.2d at 836 (affirming denial of fees because the action was "essentially a deceit action sounding in tort").

The question the Court must decide is whether this action was based primarily in tort or contract. There is no question Adeli prevailed on both tort and contract claims. Adeli contends this was primarily a contract case because the crux of the action concerned the nature of Silverstar's promises to Adeli, whether those promises became part of the contract, and whether Silverstar breached those promises. Silverstar further notes that the same facts and evidence were offered to prove both the breach of contract and fraud claims, and that it is unlikely Adeli "could have prevailed on his fraud claim at trial without prevailing on his contract claim." (Doc. 110, p. 8).

Though the transaction between the parties was consummated by a contract, and though Adeli prevailed on his claim for breach of warranty, there is little doubt this action was based primarily in tort. The ultimate question before the jury was whether Silverstar misrepresented the extent of repairs done on the Ferrari. This misrepresentation formed the basis of Adeli's breach

3

of warranty claim. Under Arkansas law, these types of breach of warranty claims (that is, misfeasance as opposed to nonfeasance), are sometimes characterized as torts. *See Bankston v. Pulaski Cnty. School Dist.*, 665 S.W.2d 859, 862 (Ark. 1984) ("[W]e have held breach of warranty actions to be tortious in nature. . . While nonfeasance of a contract usually sounds in contract, misfeasance is ordinarily a tort action." (internal citations omitted)). In light of Silverstar's misrepresentation as to the extent of repairs performed and its express warranty that all necessary repairs had been performed, the Court is of the opinion that this breach of warranty claim is more akin to a case of misfeasance sounding in tort than nonfeasance sounding in contract.

Finally, the Court considers notable that the punitive damage award is the only reason Adeli's motion requests the amount it does. Punitive damages are not recoverable for breach of contract. Assuming punitive damages are eliminated from consideration, Adeli's actual damages total $20,201. If Adeli sought $364,701.67 in attorney's fees in a case where his damages totaled only $20,201, no court would give his motion any real consideration. That Adeli relies on the punitive damage award to support his request for fees suggests that even Adeli views this case as primarily based in tort, rather than contract. Adeli cites to two Arkansas Court of Appeals cases which he alleges supports his position that a large punitive damage award "is immaterial" to the Court's analysis. (Doc. 110, p. 9). However, controlling Arkansas law makes clear that damages play a role in the Court's consideration. *See Bankston*, 665 S.W.2d at 862 ("Damages prayed for are a factor to consider in determining whether an action is in tort or contract."). Here, Adeli seeks attorney's fees at a rate 18 times greater than the total damages that could arguably be traced to his breach of contract claim. The only circumstance making Adeli's request for $364,701.67 in attorney's fees even arguably reasonable is that he was awarded $500,000 in punitive damages. On one hand, Adeli argues that the case is contractual in nature to support his argument that

attorney's fees are appropriate under Ark. Code Ann. § 16-22-308.  On the other, Adeli attempts to take advantage of the tortious components of his case and bootstrap an inflated amount of attorney's fees on his punitive damage award.  Adeli cannot have it both ways.

Taking each of these facts into consideration, the Court finds that this action was based primarily in tort.  There is little doubt deceit was at the heart of each of Adeli's claims.  Adeli's only claim arising out of the contract itself, his breach of express warranty claim, is more akin to a tort claim rather than a claim sounding in contract.  Finally, Adeli is using the recovery under his fraud claim to inflate his request for attorney's fees.  Attorney's fees are not recoverable under Ark. Code Ann. § 16-22-308 when a party prevails in tort, *Wheeler Motor Co., Inc.*, 867 S.W.2d at 451, and will not be awarded pursuant to that authority.

**B.**     **Ark. Code Ann. § 4-88-113(f)(B)(3)**

Adeli also cites to Ark. Code Ann. § 4-88-113 as statutory support for the award of attorney's fees.  The Court need not devote significant analysis on this point.  In ADTPA cases, Ark. Code Ann. § 4-88-113(f)(B)(3) authorizes the Court to award to the prevailing party his or her reasonable attorney's fees, subject to the Court's discretion.  Ark. Code Ann. § 4-88-113(f)(B)(3). Adeli's position can be summed up as follows: because the legal and factual bases for the ADTPA and fraud claims are so intertwined, it is impossible to separate the work performed on each claim.  Therefore, according to Adeli, he should recover all the fees he requests for work done on both claims.  However, Arkansas law makes clear that a prevailing party is not entitled to recover attorney's fees for multiple claims simply because he succeeded on his ADTPA claim. *See FMC Corp., Inc.*, 202 S.W.3d at 489 (finding trial court abused its discretion in awarding attorney's fees for multiple claims because only ADTPA provided for recovery of attorney's fees). Moreover, if the Court were to accept Adeli's argument outright and award all the fees he requests

5

simply because he prevailed on his ADTPA claim, it would supply a workaround to the well-established principle in Arkansas that attorney's fees are not recoverable in fraud cases (that is, courts would award fees in every case where a party succeeds on both ADTPA and fraud claims). Therefore, the Court will not award $364,701.67 in attorney's fees pursuant to Ark. Code Ann. § 4-88-113(f)(B)(3).

Because Adeli identifies no sufficient basis to award him attorney's fees, his motion for fees will be denied.[1]

## II. Costs

Adeli also request costs pursuant to Federal Rule of Civil Procedure 54(d). Federal Rule of Civil Procedure 54(d)(1) encourages the Court to allow costs to the prevailing party, and 28 U.S.C. § 1920 sets out those costs that typically are taxable in federal litigation. "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *see Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). The Court will not award any costs itemized for work done while this case proceeded at the Eighth Circuit. Adeli's purpose for including the "Printing Costs for Appeal" in the bill of costs (Doc. 111-1, p. 2) is unclear. Title 28 U.S.C. § 1920 allows fees for printing to be taxed in any court, and Federal Rule of Appellate Procedure 39(d) suggests that when associated with an appeal, those costs should be taxed in the Court of Appeals. Adeli has not demonstrated that those costs or his appellate pro hac vice fees should be taxed in this Court under 28 U.S.C. § 1920 or Federal Rule of Appellate Procedure 39(e). Silverstar gives no reason to avoid the

---

[1] Though neither statute cited by Adeli justifies an award of attorney's fees, Adeli's attorneys took this case on a contingency basis. In light of the punitive damages recovery, it appears that Adeli's counsel will be compensated for achieving a successful result for their client without cutting into Adeli's actual-damages recovery, even without the Court awarding fees.

remaining costs set out in 28 U.S.C. § 1920, which appears to total $6,666.94 based on the itemized table in Mr. Crowder's declaration and the supporting documentation attached to the bill of costs. The Court will award those taxable costs.

Adeli's motion also requests nontaxable expenses pursuant to Rule 54(d)(2), primarily for travel and lodging fees incurred during litigation.[2] To the extent Adeli requests nontaxable expenses in addition to the taxable costs awarded above, or the extent Adeli requests those taxable costs be awarded as nontaxable expenses, the Court notes that Rule 54(d)(2) only establishes the procedure for seeking attorney's fees and nontaxable expenses. As with attorney's fees, reasonable nontaxable expenses may be allowed when supported by evidence and citation to "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Neither statute cited by Adeli in support of his request for attorney's fees provides for recovery of nontaxable expenses. Absent clear authority to impose those expenses on Silverstar, the Court will decline to do so.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 109) for attorney's fees and costs is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent Plaintiff is awarded $6,666.94 in taxable costs. The motion is otherwise denied.

IT IS SO ORDERED this 31st day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[2] Adeli's briefing and his accompanying exhibits on taxable costs and nontaxable expenses other than attorney's fees are not the most clear itemization the Court has seen. The bill of costs (Doc. 111) indicates $8,251.55 in taxable costs, while the itemized table (Doc. 111-1) in Mr. Crowder's declaration reflects $8,183.16 in taxable costs (though this includes $1,650 in costs for work done at the Eighth Circuit and excludes $134 in witness expenses). The motion's and brief's prayer clauses request $8,262.68 "in non-taxable expenses" (Doc. 109, p. 2; Doc. 110, p. 16), but itemization of these expenses appears to be scattered throughout the exhibits.